UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS BOARD,

        No. 07-50712

      Applicant,

        District Judge George Caram Steeh

v.

JAMES E. STEELE,        Magistrate Judge R. Steven Whalen

      Respondent.

_____ /

## REPORT AND RECOMMENDATION RE: CONTEMPT

Before the Court is a Motion for Order of Adjudication in Civil Contempt and for
Other Civil Relief [Docket #4] filed by the National Labor Relations Board [NLRB] on
November 1, 2007. I recommend that the Motion be GRANTED.

## I.   CONTEMPT PROCEDURE UNDER FEDERAL
## MAGISTRATE JUDGES ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction
in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401,
the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge
must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and
> may serve or cause to be served, upon any person whose behavior is brought
> into question under this paragraph, an order requiring such person to appear
> before a district judge upon a day certain to show cause why that person
> should not be adjudged in contempt by reason of the facts so certified. The
> district judge shall thereupon hear the evidence as to the act or conduct
> complained of and, if it is such as to warrant punishment, punish such person

in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–Defendant's failure to comply with a court order–would constitute a civil contempt; therefore, I must proceed under the above section. The accepted procedure is to certify the facts supporting a finding of contempt within the context of a Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *See Holmes v. City of Massillon, Ohio*, 78 F.3d 1041,1045 (6th Cir. 1996).

## II.   CERTIFICATION OF FACTS

(1) Following administrative proceedings, Region Seven of the Board obtained a default judgment against Respondent, which was affirmed by the U.S. Court of Appeals for the Sixth Circuit. *See NLRB v. Steele*, 972 F.2d 348, 1992 WL 188116 (6th Cir. 1992). Subsequently, the Board issued a Supplemental Decision and Order liquidating the fringe benefit amounts due as $14,061.39. This decision was likewise affirmed by the Sixth Circuit. *See NLRB v. Steele*, 76 F.3d 379, 1996 WL 26916 (6th Cir. 1996).

(2) On July 17, 2007, the Board properly served the subpoena duces tecum that is at issue, directing Respondent Steele to appear on August 1, 2007 at the Board's Office for Region Seven in Detroit, Michigan. Respondent neither petitioned to revoke the subpoena

nor appeared as directed.

(3) On August 13, 2007, the Board filed in this Court an Application to Enforce Subpoena Duces Tecum [Docket #1].

(4) On September 21, 2007, the undersigned Magistrate Judge entered an order granting the Board's Application, and further ordering "that Respondent James E. Steele shall comply with NLRB Subpoena No. B-464682 and appear before the Board at a time and place as the Regional Director may designate to produce all the records requested in the subpoena and to give testimony as directed, including signed affidavit testimony." *See Order*, Docket #3. The Order concluded with the following language, in upper-case letters:

> RESPONDENT'S FAILURE TO COMPLY WITH THIS ORDER WILL SUBJECT HIM TO SANCTIONS AND PENALTIES FOR CONTEMPT OF COURT.

(5) By affidavit attached to the present Motion, Robert Buzaitis, an attorney employed by the Board, states that by letter dated September 25, 2007, the Board advised Respondent Steele of the above Order, designating October 9, 2007 for the production of documents and October 16, 2007 to appear for testimony. Attorney Buzaitis states that the letter was sent to Respondent's residence by regular mail and certified mail; the letter sent by certified mail was unclaimed, and the letter sent by regular mail was not returned to the Board.

(6) Attorney Buzaitis further states that by letter dated October 25, 2007, "the Board advised Steele of its intent to initiate contempt proceedings for his failure to comply with the September 21, 2007 Order enforcing the Board's Subpoena, and requested his response by

no later than October 31, 2007. The Board received no response." Attorney Buzaitis states that this letter was mailed in the same manner as the September 25th letter, with the same results.

(7) Attorney Buzaitis states that to date, Respondent Steele has failed to produce the requested records or appear to give testimony.

## III.    ANALYSIS

In order to hold a defendant in contempt the movant must produce clear and convincing evidence that the defendant violated a definite and specific order of the court requiring them to perform or refrain from performing a particular act, and that defendant did so with knowledge of the Court's order. *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW, et. al. v. Gary's Electric Service Co. .,* 340 F.3d 373, 379 (6th Cir.2003). As shown by the above Certification of Facts, Plaintiff has satisfied that requirement. Having done so, the burden shifts to Respondent Steele to present evidence showing that he is unable to comply with the court's order. *United States v. Rylander, supra.* To date, Respondent has been noncompliant with the orders of this Court.

Petitioner has also requested an award of attorney fees associated with bringing this action. Attorney fees may be awarded in civil contempt actions. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 477 (1911); *Redken Lab, Inc. v. Levin,* 843 F.2d 226, 230 (6th Cir. 1988). Given Respondent's intransigence, an award of reasonable attorney fees and costs is appropriate in this case.

## IV.    CONCLUSION

I recommend that Petitioner NLRB's Motion for Contempt [Docket #4] be GRANTED, and that Respondent Steele be ordered to appear, at a date certain, before the District Judge to show cause why an order of civil contempt should not be entered against him. Unless the Respondent satisfactorily shows cause why he has disregarded this Court's order of September 21, 2007, I recommend that he be found in civil contempt.

I further recommend that Respondent be ordered to purge himself of the contempt by producing the requested documents within 10 days of his appearance at the show cause hearing, and appearing and providing testimony before the Board, including signed affidavit testimony, on a date certain.

I further recommend that within 21 days of the entry of the contempt adjudication, Respondent file a sworn affidavit with this Court, and a copy to the NLRB, showing what steps he has taken to comply with this Court's orders.

I further recommend that Petitioner be awarded reasonable costs and attorney fees associated with bringing this action.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 8, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 8, 2007. A copy was mailed to the Respondent at 27296 Stanford Street, Inkster, MI 48141.

S/G. Wilson
Judicial Assistant
