UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS BOARD,

          Plaintiff,

vs.

          Case No. 07-CV-50712

          HON. GEORGE CARAM STEEH

JAMES E. STEELE,

          Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WHALEN

Magistrate Judge R. Steven Whalen has issued a Report and Recommendation which recommends that petitioner National Labor Relations Board (NLRB's) motion for civil contempt be granted. Defendant James E. Steele has not filed objections and the time period for doing so has expired. This court has carefully reviewed the Report and Recommendation, the underlying order granting the NLRB's motion to enforce the subpoena dues tecum which Steele stands accused of violating, the affidavit of NLRB field attorney Robert Buzaitis, and the NLRB's motion to hold Steele in civil contempt. For the reasons stated below, this court accepts the Report and Recommendation of Magistrate Judge Whalen.

Under federal law, a Magistrate Judge may not enter an order of civil contempt on his own, but may recommend that a district judge do so. Specifically, 28 U.S.C. § 636(e)(6)(B) provides, in relevant part:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as a contempt committed before the district judge.

The proper contempt procedure requires that the Magistrate Judge certify findings of fact to support a finding of contempt, 28 U.S.C. § 636(b)(1)(B), which Magistrate Judge Whalen has done.

This court has reviewed Magistrate Judge Whalen's certification of facts and accepts those facts as its own. As stated in the report and recommendation, the facts of this case are as follows: Region Seven of the NLRB obtained a default judgment against Steele which was affirmed by the Sixth Circuit. NLRB v. Steele, 972 F.2d 348 (6th Cir. 1992). Thereafter, the Board issued a supplemental decision and order liquidating the fringe benefits amounts due in the amount of $14,061.39. The decision also was affirmed by the Sixth Circuit. NLRB v. Steele, 76 F.3d 379 (6th Cir. 1996).

On July 17, 2007, the NLRB served the subpoena dues tecum at issue here directing Steele to appear on August 1, 2007 at the Board's Office for Region Seven in Detroit. The subpoena required Steele to produce documents and to give testimony, including a signed affidavit, in order to procure evidence of his assets so that the NLRB might secure compliance with the supplemental judgment. Steele failed to challenge the subpoena or to appear. On August 13, 2007, the NLRB then filed an application to enforce the subpoena duces tecum. Steele failed to respond to that motion.

On September 21, 2007, Magistrate Judge Whalen entered an order to enforce

the NLRB's issuance of a subpoena duces tecum which required that Steele give sworn testimony and produce all records requested. That order clearly advised Steele that his failure to comply with the order "WILL SUBJECT HIM TO SANCTIONS AND PENALTIES FOR CONTEMPT OF COURT." Even so, Steele failed to comply with the order to enforce the subpoena duces tecum.

NLRB lawyer Robert Buzaitis has submitted an affidavit stating that Steele was notified of the order requiring his compliance with the subpoena duces tecum by certified mail and regular mail. The certified letter was unclaimed but the letter sent by regular mail was not returned to the Board. That letter, dated September 25, 2007, advised Steele to produce documents by October 9, 2007, and to appear for testimony on October 16, 2007. Steele failed to produce the documents and failed to appear. Prior to filing its motion to hold Steele in contempt, the NLRB mailed letters to Steele, both by certified and regular mail, advising him that they would begin contempt proceedings. Once again, Steele failed to respond. On November 1, 2007, the NLRB then filed a motion to have Steele held in civil contempt for refusing to comply with the order to enforce the subpoena duces tecum. Magistrate Judge Whalen recommends that this court hold Steele in civil contempt.

Judge Whalen found that Steele failed to comply with his order compelling his compliance with the subpoena duces tecum. The Sixth Circuit has explained that in order to hold an individual in contempt, the movant must produce clear and convincing evidence that the defendant violated a definite and specific order of the court with knowledge of the order. <u>Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Electric Serv. Co.</u>, 340 F.3d 373, 379 (6th Cir. 2003). Judge Whalen

found that the defendant had met its burden and Steele had failed to respond. Thus, Judge Whalen recommends that this court grant the NLRB 's motion for contempt, order Steele to appear to show cause why an order of civil contempt should not enter against him, order Steele to produce requested documents, require Steele to file a sworn affidavit showing compliance with the court's orders, and award costs and attorney fees associated with this lawsuit to the NLRB.

This court agrees with Judge Whalen's finding that Steele failed to comply with the court's order requiring his compliance with the subpoena issued by the NLRB, and that he knew or should have known of that order. In accordance with Judge Whalen's recommendations,

IT IS ORDERED that the NLRB's motion for contempt (docket #4) hereby is GRANTED.

IT IS FURTHER ORDERED that Steele appear on **March 18, 2008 at 1:30 p.m.** before the Honorable George Caram Steeh, U.S. Courthouse, 231 W. Lafayette, Courtroom #236, Detroit, Michigan, 48226, to show cause why an order of civil contempt should not be entered against him.

IT IS FURTHER ORDERED that Steele purge himself of the contempt by producing the requested documents and appearing and providing testimony before the Board within 10 days of his appearance at the show cause hearing.

IT IS FURTHER ORDERED that within 21 days of the entry of this order, Steele file a sworn affidavit with this court, and a copy to the NLRB, showing what, if any, steps he has taken to comply with this court's orders.

IT IS FURTHER ORDERED that the NLRB be awarded reasonable costs and

attorney fees associated with bringing this action.

SO ORDERED.


Dated: February 19, 2008

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---